## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

VIDA DEAS                                            :
                                                     :
                                                     :          No. 3:12-cv-00275(SRU)
            v.                                       :
                                                     :
UNITED STATES OF AMERICA                             :
                                                     :
--------------------------------------------------------X

## RULING ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Vida Deas, appearing *pro se*, seeks to vacate, set aside, or correct his sentence pursuant to

28 U.S.C. § 2255. Deas is serving a twenty-year sentence as the result of an April 24, 2009 jury

verdict convicting him of three narcotics offenses. In his initial petition, which has twice been

amended, Deas appears to raise at least six grounds for relief. None of those arguments has

merit. Accordingly, for the reasons set forth in this ruling, the motion to vacate, set aside, or

correct Deas' sentence (doc. # 1) is **DENIED**.

### I.    Background

Deas was part of a large-scale cocaine and crack distribution ring in the greater Hartford,

Connecticut area. The evidence at trial showed that Deas was a supplier of powder cocaine for

co-defendants, facilitated meetings between other defendants and a supplier, and received money

and narcotics in exchange for converting powder cocaine into cocaine base. The evidence also

showed that Deas brokered at least three powder cocaine deals between a co-defendant and a

supplier and regularly delivered crack to customers.

On October 16, 2008, a federal grand jury returned a five-count indictment that charged

Deas and others with conspiracy to possess with intent to distribute cocaine and cocaine base.

On April 24, 2009, after a three-day trial, a jury found Deas guilty of one count of conspiracy to

possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A), and two counts of possession with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

In July 2008, the government filed a second-offender information alleging that Deas had a prior felony drug conviction in 1993. *United States v. Deas*, 03:07-cr-00073 (CFD), doc. # 445. On December 23, 2009, then United States District Judge Christopher F. Droney sentenced Deas to concurrent terms of 240 months' imprisonment on each count of conviction to be followed by ten years' supervised release. *Id.* (doc. # 809). Judgment entered on December 23, 2009, and Deas timely appealed. On September 30, 2011, the Second Circuit Court of Appeals affirmed the conviction and sentence. *See United States v. Deas*, 452 F. App'x 12, 2011 WL 4508498, at *14-15 (2d Cir. 2011). Specifically, the Second Circuit rejected Deas' *pro se* supplemental arguments that the disparate statutory penalties for cocaine and cocaine base are arbitrary and capricious. *Id.* at *15. Further, the Second Circuit held that Deas could not challenge the validity of a prior conviction used to enhance his sentence under 21 U.S.C. § 851(e) because the conviction occurred more than five years before the date of the filing of the information. *Id.* Deas then filed a writ of certiorari to the Supreme Court, which was denied on January 9, 2012. *See Deas v. United States*, 132 S. Ct. 1070 (2012). On February 24, 2012, Deas filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. # 1). He subsequently filed two amended petitions in which he advances several claims (docs. # 9, 14).

Deas' section 2255 motion advances many reasons he should be entitled to relief, but appears to argue six specific grounds. First, he argues that his appellate counsel rendered ineffective assistance by failing to raise a defense of ineffective assistance of trial counsel.

2

Second, Deas claims that the Government committed misconduct by eliciting false testimony from a defendant, thereby perpetrating a fraud on the court.  Third, he argues that his conviction should be set aside because his right to due process was violated by the harsher penalties established for cocaine base offenses as compared to cocaine offenses.  Fourth, he argues the federal drug statutes represent an unconstitutional exercise of federal power.  Fifth, he argues that the district court abused its discretion by disposing of his "Writ of Coram Nobis."  Finally, he argues that the district court erred in ruling that he was subject to a 20-year mandatory minimum term of imprisonment as a result of a previous felony drug conviction because that conviction was not valid.

## II.    Standard of Review

 "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255.

Deas challenges the performance of both his trial and appellate counsel.  To succeed, Deas must demonstrate: (1) that his counsel's performance "fell below an objective standard of reasonableness"; and (2) "that the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687–88 (1984).  To satisfy the performance prong, the defendant must show that counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 690.  To satisfy the prejudice prong, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*  Thus, the mere possibility that a particular deficiency might have prejudiced the defendant is not enough.

3

"It is well settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings . . . ."  *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001).  Those pleadings "must be read liberally and should be interpreted 'to raise the strongest arguments that they suggest.'"  *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).  However, a habeas petitioner must allege "specific facts which he is in a position to establish by competent evidence."  *LoCascio v. United States*, 395 F.3d. 51, 57 (2d Cir. 2005) (quoting *Dalli v. United States*, 491 F.2d 758, 761 (2d Cir. 1974)).

**III.   Discussion**

   A.   Jurisdictional Issues

   In general, petitioners who have failed to present a claim on direct appeal may not raise that claim on collateral review absent a showing of cause and prejudice.  *Yick Man Mui v. United States,* 614 F.3d 50, 54 (2d Cir. 2010).  The government argues that Deas' second, fourth, fifth, and sixth grounds for relief are procedurally barred because the defendant failed to raise those claims in his appeal.   A petitioner may raise a claim of ineffective assistance of counsel in a section 2255 habeas motion, however, even if that claim was not raised previously at trial or on appeal.  *Massaro v. United States,* 538 U.S. 500, 504 (2003).  Thus, although the government is correct that claims not raised on direct appeal are ordinarily procedurally defaulted, the claims that the government knowingly elicited false testimony and that trial counsel failed to challenge the sentencing enhancement can reasonably be read as claims of ineffective assistance of counsel that are not barred despite not being raised on direct appeal.  *See Yick Man Mui,* 614 F.3d at 57 (permitting ineffective assistance claims on collateral review that were not decided on direct appeal).  Deas' claim that his appellate counsel rendered ineffective assistance is also properly before the court.  Therefore, Deas has raised three claims of ineffective assistance of counsel that will be decided under the *Strickland* test.

4

Deas' claim relating to the crack-powder disparity was raised on appeal but flatly rejected by the Second Circuit Court of Appeals. *See United States v. Deas*, 452 F. App'x 12, 2011 WL 4508498, at *15 (2d Cir. 2011). Thus, this court has no authority to reconsider that question. *See United States v. Sanin*, 252 F.3d 79, 83 (2d Cir. 2001) ("It is well established that a § 2255 petition cannot be used to relitigate questions which were raised and considered on direct appeal" (quotations omitted)). Deas' claim that the drug laws represent an unconstitutional exercise of federal power is procedurally barred because the claim was not raised on appeal. The same is true of Deas' allegation that the district court erred as a matter of law by denying his "Writ of Coram Nobis." Even if all these claims were properly brought before this court, however, for the reasons discussed below, the claims would fail on the merits.

    B. <u>Ineffective Assistance of Counsel</u>

        *1. Ineffective Assistance of Appellate Counsel*

Deas has not made the required showing under *Strickland* with respect to his claim that appellate counsel failed to argue that trial counsel was ineffective.

Deas does not identify what appellate counsel did, or failed to do, on appeal. Instead, he uses an ineffective assistance of counsel claim against his appellate counsel as a vehicle for attacking his trial counsel's performance. Nor does Deas identify why appellate counsel's alleged failure prejudiced the outcome of his appeal. "The petitioner must set forth specific facts which he is in a position to establish by competent evidence." *LoCascio*, 395 F.3d at 57. Even reading the pleadings liberally, Deas has failed to allege any specific facts addressing either *Strickland* prong. Further, the Second Circuit generally disfavors claims of ineffective assistance of counsel on direct appeal, reserving them for section 2255 motions. *See United States v. Venturella*, 391 F.3d 120, 135 (2d Cir. 2004); *Massaro v. United States*, 538 U.S. 500, 504

(2003) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance."). Thus, it cannot be said that appellate counsel rendered ineffective assistance merely by failing to raise an ineffective assistance of trial counsel claim on direct appeal.

2. <em>Trial Counsel - Failure to Seek Dismissal Based on Selective Prosecution</em>

Although Deas' claims literally attack the performance of his appellate counsel, they are better understood as an attack of his trial counsel's performance, and this court must liberally interpret his pleadings. *See, e.g.*, *Green*, 260 F.3d at 83; *Henderson*, 89 F.3d at 79. Deas again, however, fails to make the requisite showing under *Strickland*. Although Deas does make a handful of specific claims about the performance of his trial counsel, Deas fails to present supporting evidence or facts that would allow this court to find that his trial counsel's performance was "outside the wide range of professionally competent assistance" as *Strickland* requires. Because Deas does not allege any facts suggesting his trial counsel's performance was below "objectively reasonable" standards, he is unable to show the outcome of his trial was likely affected because of deficient performance of counsel.

Deas specifically alleges that his trial counsel failed to file a motion to dismiss the superseding indictment based on the government's selective prosecution of him. In support of this argument, he contends that: (1) he was improperly charged with a crack cocaine offense and (2) two of his customers were not similarly prosecuted. The claim that Deas was improperly charged with a crack offense was raised on appeal and rejected by the Second Circuit. *United States v. Deas*, 452 F. App'x 12, 2011 WL 4508498, at *15 (2d Cir. 2011). Thus, Deas' selective prosecution argument rests solely on the fact that two of his customers who purchased crack were not prosecuted for the same offenses as Deas.

6

Selective prosecution occurs when the government decides to prosecute a specific defendant because of race, religion, or some other impermissible basis. *See United States v. Armstrong*, 517 U.S. 456, 464-65 (1996). There is a strong presumption that prosecutors have properly discharged their duties and courts are reluctant to challenge those decisions. *See id*. at 464. To prevail on a selective prosecution claim, a defendant must establish:

> (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations such as race, religion, or the desire to prevent his exercise of constitutional rights.

*United States v. Berrios*, 501 F.2d 1207, 1211 (2d Cir. 1974).

Deas fails to allege conduct that suggests he was impermissibly singled out for prosecution. Deas' basis for making this claim rests on the fact that the government chose to prosecute Deas but not two of his crack customers, David Carrier and Lynette St. Pierre. Neither Carrier nor St. Pierre, however, was similarly situated to Deas. Carrier and St. Pierre each purchased only small quantities of crack from Deas for personal use and were not involved in distributing cocaine or crack. Although Deas does introduce the fact that he is a member of the African American community, this claim stands unaccompanied by any facts suggesting or even allowing an inference that his race, rather than the offenses themselves, was the basis for his prosecution. Deas simply does not present enough facts to allow the court to conclude that he was specifically singled out for prosecution based on some impermissible basis, as *Armstrong* and *Berrios* require.

Deas attempts to meet the first prong of the *Strickland* analysis by arguing that by failing to conduct any formal discovery or interviews of the witnesses his counsel's performance "fell below an objective standard of reasonableness." But under the circumstances alleged, Deas' trial

7

counsel could have legitimately concluded that a selective prosecution defense was unlikely to succeed given the *Armstrong* and *Berrios* test. Therefore, the failure to raise the selective prosecution defense does not constitute ineffective assistance of trial counsel under *Strickland*.

### 3. Trial Counsel - Failure to Offer Reports of Turner's Prior Statements to Investigators

Deas argues that trial counsel failed to offer reports of Byron Turner's prior statements to investigators in order to prove that Turner offered perjured testimony or that the government was engaged in a conspiracy to commit criminal contempt. Deas asserts that trial counsel should have put into evidence interviews Byron Turner gave to investigators to show inconsistencies in Turner's statements. Deas contends that the failure to offer the interviews, dated April 3, 2007, and October 2, 2007, amounted to ineffective assistance of counsel. Deas contends that the reports of the interviews Turner gave to FBI agents, referred to as "FBI 302s," show inconsistencies that would have led jurors to disbelieve or discredit all of Turner's testimony. The government argues that these FBI 302s are not admissible as evidence of Turner's prior statements, and even if they could be admitted, introducing them would have been highly prejudicial to Deas based on the contents of the reports showing Deas' heavy involvement in crack distribution.

Although the FBI 302s would likely have been inadmissible as a matter of law, that question is inconsequential because Deas' trial counsel did examine Turner regarding the inconsistent statements he made to court and the FBI during the trial.[1] In this particular instance the jury was presented with inconsistent statements made by a witness, but the credibility of a witness is a jury determination. *See United States v. Payne*, 591 F.3d 46, 60 (2d Cir. 2010). If

---

[1] Because FBI 302s are summaries of the interview written by an agent after the meeting and are not verbatim representations of what the interviewee said and are not adopted by the interviewee. Thus, it is more than likely Federal Rule of Evidence 613 prohibits the introduction of 302's.

the jurors chose to credit the testimony of that witness, it was well within their province to do so. *See United States v. Miller*, 116 F.3d 646, 676 (2d Cir. 1997).

Turning to the allegedly perjured testimony and the government's alleged attempt to engage in criminal contempt, Deas does not specify what constituted the perjured testimony nor does he make any attempt to demonstrate that the government knew Turner was committing perjury. Deas simply offers the reports without pointing to the contradictions he claims Turner made in his testimony. This court is left without any basis for concluding that Turner did in fact commit perjury, much less a basis for concluding that failure to pursue that avenue constituted a failure on the part Deas' trial counsel. Deas simply fails to "set forth specific facts which he is in a position to establish by competent evidence." *LoCascio*, 395 F.3d at 57.

Furthermore, as the government correctly points out, Deas' trial counsel could have reasonably concluded that Turner's interview reports were both inadmissible and highly prejudicial to Deas. Therefore, the fact that Deas' trial counsel chose not to attempt to enter the FBI proffer reports as evidence of Turner's contradictory testimony does not constitute inadequate representation that falls below an objective standard. Deas has not made the required showing under *Strickland* with respect to trial counsel's failure to admit Turner's FBI interviews as evidence of ineffective assistance.

> 4. *Trial Counsel - Failure to Petition the District Court to Vacate His Prior State Court Conviction*

Deas does not make the required showing under *Strickland* with respect to his claim that counsel failed to petition the District Court to vacate his prior state conviction in order to prevent a section 851 sentencing enhancement. In his petition, Deas argues that his 1993 narcotics

conviction was invalid because his guilty plea was not voluntary and knowing.[2]  But section

851(e) bars a defendant from "challeng[ing] the validity of any prior conviction alleged under

this section which occurred more than five years before the date of the information alleging such

prior conviction." 21 U.S.C. § 851(e). The government filed its section 851 information against

Deas on July 22, 2008, approximately 15 years after Deas' prior conviction. *See United States v.*

*Deas*, 3:07-cr-00073 (CFD), doc. # 445.[3]  Thus, even assuming that Deas was correct regarding

the invalidity of his prior conviction, section 851(e) prohibits him from contesting the

conviction's validity at sentencing or on appeal.

Deas' trial counsel lacked all authority to attempt to alter his 1993 state court felony drug

conviction.  In addition to the statute of limitations having run on any appealable issue, there was

no precedent and no cause of action that permitted Deas' counsel to seek to vacate his 1993

conviction.  Indeed, the Connecticut Appellate Court recently held that Connecticut courts lack

any jurisdiction in either law or equity to alter a criminal judgment "after the sentence has been

completed, and the passage of five years since the plea was accepted."  *State v. Alegrand*, 130

Conn. App. 652, 665 (Conn. App. 2011).  Because Deas' trial counsel had no procedural

mechanism for altering or vacating Deas' prior felony conviction, it was more than "objectively

---

[2] A review of the record from that plea hearing indicates that Deas acknowledged that he was pleading guilty to the charged offense and understood all the consequences of that plea.  The Superior Court found Deas' plea to be "voluntary and with an understanding and knowingly made with the assistance of competent counsel" and that "there are factual bases for those pleas."  (03:12-cr-00275 (SRU) doc. # 14).

[3] Although Deas has not challenged the constitutionality of 21 U.S.C. § 851(e) and the Second Circuit has not ruled specifically on the issue, every court of appeals to consider section 851(e)'s five-year limitations period has upheld the law.  *See United States v. Henderson*, 320 F.3d 92, 104 (1st Cir. 2003) (holding section 851(e) to be constitutional, and citing six other circuits that have reached the same result). Notwithstanding section 851(e)'s limitations period, Deas perhaps could have challenged his prior conviction on the basis that he had been denied his Sixth Amendment right to counsel. *See United States v. Arango-Montoya*, 61 F.3d 1331, 1337 (7th Cir. 1995) (noting that section 851(e) could pose a constitutional question because "[t]he Supreme Court has held that the constitutional right to the assistance of counsel forbids the government to base an increase in punishment on a conviction in a proceeding in which the defendant was denied the assistance of counsel" (quotation omitted)); *cf. Custis v. United States*, 511 U.S. 485, 496 (1994) (holding that defendant may contest a prior conviction under the Armed Career Criminal Act only if the challenge is based on the deprivation of his Sixth Amendment right to counsel). Deas, however, has not alleged that he was denied counsel at the time of his 1993 conviction, and section 851(e) precludes any other challenge to his 1993 conviction.

reasonable" for counsel not to have pursued that avenue at trial.

     C.   <u>The District Court Erred As a Matter of Law</u>

          *1.   Writ of Coram Nobis*

Deas also argues that the Court erred as a matter of law in dismissing his "Writ of Coram Nobis" (*United States v. Deas*, 3:07-cr-00073 (CFD), doc. # 550).  In general, petitioners who have failed to present a claim on direct appeal may not raise that claim on collateral review absent a showing of cause and prejudice.  *See Yick Man Mui,* 614 F.3d at 54.  In order to raise such a claim when it has not been raised on direct appeal, the petitioner must establish cause for the failure to bring a direct appeal and prejudice from the alleged violations or actual innocence of the petitioner.  *Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007).  Thus, as an initial matter, these claims fail because Deas did not raise them on direct review and he has not established cause for failure to raise them and actual prejudice from the alleged violations.  Further, Deas does not assert that he is actually innocent.

The claim also fails on the merits.  Deas argues in his writ that cocaine base and crack cocaine are not controlled substances because they are not listed by name in the schedules of 28 U.S.C. §§ 811 and 812.  This argument was explicitly rejected by the Second Circuit in Deas' appeal.  *See United States v. Deas*, 452 F. App'x 12, 2011 WL 4508498, at *15 (2d Cir. 2011).  In a 2001 *per curiam* opinion of the Second Circuit, that Court held unequivocally that "[b]ecause cocaine base and crack cocaine are mixtures that contain cocaine and are derived from cocoa leaves . . . both substances are encompassed by schedule II's definition."  *Sanders v. United States*, 237 F.3d 184, 185 (2d Cir. 2001).  Therefore, Deas' argument that the District Court erred as a matter of law by dismissing his writ of coram nobis is both procedurally barred and fails on the merits.

2.   *Federal Drug Statutes are an Unconstitutional Exercise of Federal Power*

Deas claims that Congress and the federal government lacked the authority to pass the federal drug statutes that he was found to have violated.  This claim is procedurally barred for the same reason as Deas' coram nobis claim.  By failing to raise the claim on direct appeal, the petitioner waived his right to have the claim heard absent a showing of both cause and prejudice.  *See Yick Man Mui,* 614 F.3d at 54; *Zhang*, 506 F.3d at 166.  Again, Deas makes no attempt to show cause for why he failed to raise the claim on appeal or prejudice that resulted.  Even if Deas' claim pertaining to the federal drug statutes was not procedurally barred from being heard by this court, it would undoubtedly fail on the merits.

The federal Controlled Substances Act, 21 U.S.C. § 801 *et seq.* ("CSA"), is a comprehensive statutory regime adopted by Congress to combat interstate trafficking of illicit drugs in the United States.  The Supreme Court has consistently upheld the statutory regime and considered the issue at length in a large number of cases.  *See, e.g.*, *Gonzales v. Raich*, 545 U.S. 1, 25-26 (2005).  "The CSA is a statute that regulates the production, distribution, and consumption of commodities for which there is an established, and lucrative, interstate market.  Prohibiting the intrastate possession or manufacture of an article of commerce is a rational (and commonly utilized) means of regulating commerce in that product."  *Id.* at 26.  Thus, even if Deas were not procedurally barred in bringing this claim, the claim would fail on its merits.

3.   *Remaining Arguments*

Deas' petition raises a number of miscellaneous claims.  I have considered those claims and have concluded that they are without merit.

**IV.    Conclusion**

For the foregoing reasons, Deas' motion to vacate, set aside, or correct his sentence is

12

**DENIED**.[4]  A Certificate of Appealability will not issue because Deas has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).   Deas has not demonstrated that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Rhagi v. Artuz*, 309 F.3d 103, 106 (2d Cir. 2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted). The Clerk shall close this case.

It is so ordered.

Dated at Bridgeport, Connecticut, this 11th day of August 2014.


/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge

---

[4] Because this ruling addresses the arguments made therein, Deas' subsequent amended petitions (docs. #9, 21) are denied as moot.