UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VIDA DEAS,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

No. 3:12-cv-275 (SRU)

## RULING ON MOTION FOR RECONSIDERATION

Vida Deas was convicted of three narcotics offenses by jury verdict on April 24, 2009. On September 30, 2011, the Second Circuit Court of Appeals affirmed his conviction and sentence. He subsequently filed a petition, which he amended twice, seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. I denied that petition as lacking merit on August 11, 2014 (doc. # 33). On September 9, 2014, Deas filed a motion for reconsideration of that ruling pursuant to Rules 52(b), 59(e), 60(b)(3) and 60(d)(3) of the Federal Rules of Civil Procedure ("First Motion") (doc. # 36). He filed the motion with a supporting affidavit, which he supplemented several days later with an additional affidavit (doc. # 37). He later filed a motion seeking relief from the judgment under Rule 60(b)(6) ("Second Motion") (doc. # 38).[1]

The substance of Deas's First Motion and affidavits is his contention that one of the witnesses against him, Byron Turner, lied in his testimony in order to receive a more lenient sentence himself, and that the Assistant United States Attorneys who prosecuted the case knew or should have known that the testimony was false. Deas attempts to support that allegation with what he alleges are inconsistencies in Turner's testimony, or inconsistencies between Turner's trial testimony and statements he made in proffer sessions with the government. Deas alleges that

---

[1] For reasons that are unclear, the motion was filed under seal, though it does not contain any sensitive information. The Clerk shall accordingly unseal the Second Motion.

Turner perjured himself on three general issues: (1) the timeline of Turner's introduction to his cocaine supplier, Artan Isufaj, and the duration of his business relationship; (2) the nature of Deas's involvement in the contacts between Turner and Isufaj and whether Turner saw or merely believed that Deas purchased cocaine from Isufaj; and (3) whether Turner was proficient at converting powder cocaine into crack because he learned from his brother, or whether he relied on Deas to convert it, or whether he learned from Deas how to convert it.

The standard for granting motions for reconsideration is strict. They "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The three major grounds for granting a motion for reconsideration in the Second Circuit are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478). Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided. *Shrader*, 70 F.3d at 257.

Motions under Rule 60(b)(3) alleging fraud by an adverse party cannot be granted without "clear and convincing evidence of material misrepresentations." *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989). The concept of "fraud on the court" under Rule 60(d)(3)—distinct from fraud on an adverse party—is "limited to fraud which seriously affects the integrity of the normal process of adjudication" and "embraces only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court

so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1325 (2d Cir. 1995) (citation omitted).

Deas does not meet the high bar for granting a motion for reconsideration. He points to no change of law or new evidence to upset the denial of his section 2255 petition, nor to any clear error or manifest injustice in that denial. His argument that Turner's testimony constituted fraud by an adverse party and fraud on the court under Rules 60(b)(3) and 60(d)(3) is an assertion of fraud on the *trial* court, apparently seeking reconsideration of the judgment of his conviction. It is not an assertion of fraud on *this* court, which would have affected the denial of his section 2255 petition; and it is only that denial that is the subject of the motion for reconsideration. Moreover, even if the allegations of fraud on the court were properly raised, they would be unavailing. Deas asserts that Turner lied in his testimony against him, but he points to no new evidence that he could not have used when he had the opportunity to cross examine Turner at trial. Though Deas swears in his affidavits that Turner lied and alleges that Turner's testimony was self-contradictory or contradicted by statements Turner made in proffer sessions with the government, he points to no such contradiction that could constitute clear and convincing evidence of a material misrepresentation.

In his Second Motion, Deas argues that crack cocaine, of the sort relevant to his offense conduct, should fall under 21 U.S.C. § 841(b)(1)(A)(ii)(IV) and not under (b)(1)(A)(iii)—the former refers to "any compound, mixture, or preparation which contains any quantity of" coca leaves, cocaine, ecgonine, or their various derivatives, and the latter refers to "a mixture or substance … which contains cocaine base"—or that it is ambiguous whether crack cocaine should fall under one provision or the other, so the rule of lenity should work to his advantage and he should not be penalized under the stricter quantity requirement of (b)(1)(A)(iii). That

argument fails. The Supreme Court has unanimously held that the term "cocaine base" used in section 841(b)(1) refers to "cocaine in its chemically basic form," *DePierre v. United States*, 131 S. Ct. 2225, 2237 (2011), which includes crack cocaine, freebase cocaine, and coca paste (as opposed to powder cocaine, or cocaine hydrochloride, which is cocaine in its salt form). *Id.* at 2228 ("Chemically, therefore, there is no difference between the cocaine in coca paste, crack cocaine, and freebase—all are cocaine in its base form."). The "cocaine base" of section 841(b)(1)(A)(iii) thus includes crack cocaine and applies to the conduct underlying Deas's conviction.

For the foregoing reasons, both the First Motion and the Second Motion are denied. So ordered.

Dated at Bridgeport, Connecticut, this 12th day of May 2015.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge