UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VIDA DEAS,<br>　　　Petitioner,<br><br>　　　v.<br><br>UNITED STATES OF AMERICA,<br>　　　Respondent. | No. 3:12-cv-275 (SRU) |

## SUPPLEMENT TO RULING ON MOTION FOR RECONSIDERATION

　　　Vida Deas was convicted of narcotics offenses by jury verdict in 2009, and the Second Circuit Court of Appeals affirmed his conviction and sentence in 2011. In 2014, I denied his (twice-amended) petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. # 33). Deas subsequently filed a motion for reconsideration of that ruling under Rules 52(b), 59(e), 60(b)(3) and 60(d)(3) of the Federal Rules of Civil Procedure, and thereafter an additional motion seeking relief from the judgment under Rule 60(b)(6). In a ruling issued on May 13, 2015, I denied both of those motions on the merits (doc. # 39). Deas filed a third motion under Rule 60, again raising argument about the classification of crack cocaine as cocaine base under 21 U.S.C. § 841(b), which was addressed in my May 13 ruling. The third motion raised no new arguments, and I denied it on May 29, 2015 (doc. # 41). Deas then filed a notice of appeal, seeking review of the May 13 and May 29 orders.

　　　Section 102 of the Antiterrorism and Effective Death Penalty Act of 1996 amended 28 U.S.C. § 2253 to require a certificate of appealability before a petitioner may appeal a final order in a proceeding under section 2255. The statute allows for the issuance of a certificate of appealability only when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). I indicated in the denial of Deas's petition that

Deas had not met that bar, and that a certificate of appealability therefore would not issue (doc. # 33, at 13). I did not include such express language in my May 13 or May 29 orders, but Deas has not demonstrated that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Rhagi v. Artuz*, 309 F.3d 103, 106 (2d Cir. 2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted). Accordingly, no certificate of appealability will issue with respect to those orders.

      So ordered.

      Dated at Bridgeport, Connecticut, this 11th day of September 2015.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge